**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROY LEE DUNN,

      Petitioner-Appellant,

v.

H. N. SCOTT,

      Respondent-Appellee.

No. 03-6237
(D.C. No. 01-CV-1228-T)
(W.D. Okla.)

ORDER AND JUDGMENT *

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,** District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*    The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

Petitioner-appellant Roy Lee Dunn appeals the district court's denial of his third petition for habeas corpus relief filed under 28 U.S.C. § 2254. Following a jury trial, Mr. Dunn was convicted in Oklahoma district court of two counts of first-degree murder. His convictions were affirmed on direct appeal. *Dunn v. State*, No. F-85-236 (Okla. Crim. App. Aug. 22, 1989) (unpublished).[1] After completing one set of state post-conviction proceedings and two sets of federal habeas corpus proceedings, Mr. Dunn then filed an application for state post-conviction relief, alleging for the first time that the State violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose material, exculpatory evidence. The state court held an evidentiary hearing and denied relief. The Oklahoma Court of Criminal Appeals (OCCA) affirmed. *Dunn v. State*, No. PC 97-1207 (Okla. Crim. App. Mar. 26, 1998) (unpublished). This court gave Mr. Dunn permission to file a third habeas corpus petition. *See* 28 U.S.C. § 2244(b)(3)(C). He argued in that petition, as he continues to argue on appeal, that the State's failure to disclose exculpatory evidence deprived him

---

[1] Mr. Dunn was tried jointly with his brother Terry Dunn and his girlfriend Eulatine Mitchell. All three were convicted of both murders. The Oklahoma Court of Criminal Appeals reversed Ms. Mitchell's convictions with instructions to dismiss the charges against her and reversed Terry Dunn's convictions and remanded for a new trial. The prosecutor chose not to retry Terry Dunn. The direct appeal opinion accurately and thoroughly sets forth the facts in this case, *see Dunn*, No. F-85-236 at 1-4, 6, and we will not repeat them here.

of his right to due process. The district court adopted the magistrate judge's recommendation to deny habeas relief. That court also denied a certificate of appealability (COA). *See id.* § 2253(c). This court, however, granted a COA. We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm the denial of habeas relief.

## I.

Before addressing the merits of this appeal, we consider the sufficiency of the appendices. Mr. Dunn is represented by counsel. Counsel bears the responsibility under the rules of this court to provide "an appendix sufficient for considering and deciding the issues on appeal," 10th Cir. R. 30.1(A)(1), including a copy of the habeas petition, *see* 10th Cir. R. 10.3(C)(1), and trial transcripts where necessary to the court's review, 10th Cir. R. 10.1(A)(1). *See Green v. Johnson*, 977 F.2d 1383, 1387 (10th Cir. 1992). Mr. Dunn's appendix fails to include a copy of his habeas petition, any of the pleadings before the district court, any of his state-court filings, or a complete trial or evidentiary hearing transcript.

Normally, under such circumstances, we would affirm the district court because the evidentiary record is insufficient to assess the appellant's arguments. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). Here, however, the State provided the full transcripts and relevant state and district court filings, except for

a copy of the habeas petition. *See* 10th Cir. R. 30.2(A)(1) (permitting appellee to file supplemental appendix including items omitted from appellant's appendix). In light of the State's indication in its appellate brief that Mr. Dunn presents the same issues on appeal that he presented in the district court, we proceed to consider the merits of this appeal despite the fact that we do not have a copy of the habeas petition before us for review. Nonetheless, we remind counsel of their duty to follow the appellate rules.

## II.

Mr. Dunn argues that the State violated his constitutional right to due process under *Brady* by suppressing statements concerning (1) a clothing description of the suspect that did not match the clothing worn by Mr. Dunn on the day of the murders; (2) evidence of other suspects; (3) physical descriptions of the suspect's vehicle that did not match Mr. Dunn's vehicle; and (4) evidence that Mr. Dunn did not possess the murder weapon. Mr. Dunn contends that there is a reasonable probability the result of the trial would have been different if this evidence had been disclosed.

To prove a *Brady* violation, a petitioner must establish that the State suppressed favorable evidence, which is either exculpatory or impeaching, and that the evidence is material. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

-4-

The OCCA held that the asserted undisclosed evidence was not exculpatory. *Dunn*, No. PC 97-1207 at 5-6.

Because *Brady* claims present mixed questions of law and fact, *see Engberg v. Wyoming*, 265 F.3d 1109, 1117 (10th Cir. 2001), Mr. Dunn is entitled to habeas relief only if he can prove that the OCCA's resolution of his *Brady* claims "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent, 28 U.S.C. § 2254(d)(1). [2] We give deference to the OCCA's decision even though that court failed "to discuss . . . federal precedent." *Cook v. McKune*, 323 F.3d 825, 831 (10th Cir. 2003) (relying on *Early v. Packer*, 537 U.S. 3 (2002) (per curiam)).

---

[2] The OCCA's decision is somewhat confusing. The OCCA first decided that the undisclosed evidence was not exculpatory. *Dunn*, No. PC 97-1207 at 5-6. In discussing the four individual categories of evidence, the court later stated the vehicle description and weapons evidence was not material. *Id.* at 8, 9. From its discussion of this evidence, however, it appears that the OCCA determined the evidence was not exculpatory and only in the alternative determined it was not material. Under those circumstances, we give deference to the OCCA's decision. If, however, the OCCA intended to decide only that the evidence in those two categories was not material, we would review de novo, inasmuch as the OCCA applied the wrong legal standard by failing to consider collectively the two categories of evidence it considered for materiality review. *See Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995) (discussing need to determine materiality by considering suppressed items of evidence collectively); *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (discussing de novo review standard when state court applied wrong legal standard). Regardless of whether we apply a deferential or a de novo standard, we would affirm the denial of habeas corpus relief.

A. Did the State Suppress the Evidence?

At the state evidentiary hearing, the State admitted it had failed to disclose the various statements. Aplee. Supp. App., vol. 3 at 668. We assume, with one exception, that the State suppressed the statements. The one exception concerns Stanley Reece's statement about possible suspects. Mr. Reece indicated that Ms. Mitchell "ha[d] been spreading the word" that he and three others had committed the murders. Aplt. App. at 97. The OCCA determined that because Mr. Reece's information came from a co-defendant and because all defense counsel worked together, Mr. Dunn would have been aware of this information. *Dunn*, No. PC 97-1207 at 6-7. The State cannot be said to have suppressed evidence if it was known by, or available to, the defendant before trial. *See McGregor v. Gibson*, 219 F.3d 1245, 1253-54 (10th Cir. 2000), *overruled on other grounds*, 248 F.3d 946 (10th Cir. 2001) (en banc). Thus, the OCCA's determination was not contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

B. Was the Evidence Favorable?

1. Clothing Description

Mr. Dunn argues the trial would have turned out differently if the State had disclosed Jeff Cargill's statement describing clothing the suspect wore on the day of the murder. Mr. Cargill indicated in his statement that he "believed" the black

-6-

man he saw entering a vehicle, which he described at trial as similar to Mr. Dunn's vehicle, at the victim's house in the late afternoon on the day of the murders was wearing blue jeans, but "he could not be certain," and if that man was wearing a jacket he "believed" it was dark colored. Aplt. App. at 89. At trial, although Mr. Cargill testified that he saw a black man getting into the vehicle, he did not testify about the man's clothing. Aplee. Supp. App., vol. 1 at 293-94. And at no time did he identify the man. Also, Mr. Dunn faults the State for failing to disclose the statement of Walter Hagler that Mr. Dunn was wearing dark leather pants on the afternoon of the murder, Aplt. App. at 91, and the statement of Stanley Reece that Mr. Dunn was wearing leather pants and a leather jacket on the morning of the murders, *id.* at 93. Mr. Dunn asserts that if he had been aware of all of this information, he would have cross-examined Mr. Cargill about his statement and presented the testimony of Mr. Hagler and Mr. Reece.

The OCCA determined this evidence was not exculpatory, because no one had identified Mr. Dunn as being at the crime scene. *Dunn*, No. PC 97-1207 at 6. Given Mr. Cargill's lack of certainty about the suspect's dress and the fact that no witness identified Mr. Dunn as the suspect, we conclude the OCCA's determination that the evidence was not favorable was not contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

-7-

2. Other Possible Suspects

Mr. Dunn argues the State suppressed two statements suggesting there were other possible suspects. Jeri Fine's statement indicated that her mother had heard from one of the mother's employees that a man named "Mike," who was very high on drugs at the time, had told the employee that he knew too much about the murders. Aplt. App. at 94-95. The statement also indicated that Ms. Fine had spoken to another person, who told Ms. Fine that the Dunn brothers had committed the murders so there would be no witnesses to the fact that they had stolen from one victim. *Id.* at 95. The statement of James Moss, a drug customer of that victim, indicated that he had heard from his boss's son, who had heard from someone else, that two black males had confronted this victim in a restaurant on the day of the murders. *Id.* at 85-86. Mr. Dunn contends that if he had had this information before trial, he could have bolstered his defense that one or more of one victim's drug customers had committed the murders.

The OCCA decided these statements were not exculpatory, because Ms. Fine also mentioned Mr. Dunn as a suspect and Mr. Dunn and his brother could have been the black men referred to by Mr. Moss. *Dunn*, No. PC 97-1207 at 6-7. Also, the court again found, as it had on direct appeal, that the trial court had allowed defense counsel wide latitude to cross-examine witnesses about one victim's drug connections and the jury heard evidence about the drug connections.

-8-

*Id.* at 7; *see also Dunn*, No. F-85-236 at 11-12. The OCCA therefore concluded the alleged exculpatory evidence merely indicated "additional people who may have killed the victims." *Dunn*, No. PC 97-1207 at 7.

Neither of these statements provided specific information concerning other possible suspects. Ms. Fine apparently did not know what "Mike" knew about the murders. There is no evidence of who "Mike" is or that he even was or should have been a suspect. Nor is there evidence identifying the two black men in Mr. Moss's statement. Also, neither statement supported Mr. Dunn's defense that one of the victim's drug customers committed the murders. Mr. Dunn has failed to establish how disclosure of these statements would have helped his defense. We therefore conclude the OCCA's determination that the evidence was not exculpatory was not contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

### 3. Vehicle Description

Mr. Dunn argues the State suppressed statements of Mr. Cargill and Chris Henderson showing that the description of the suspect's car did not match Mr. Dunn's car. Mr. Dunn contends he could have used these statements to impeach their trial testimony.

Mr. Dunn's car was a maroon Cadillac Seville with a front-mount antenna and vertical taillights. In his statements, Mr. Henderson described the suspect's

vehicle as a maroon, large, full-size possible Buick with possibly a rear-mount antenna and horizontal taillights and a white roof or with snow or glare on the roof. Aplt. App. at 99, 100-01. But he was only positive that the car was a full-size, late 1970's model and that its color was maroon. *Id.* at 99. Upon seeing photographs of Mr. Dunn's car, Mr. Henderson stated that the car in the photographs was the same size and color as the suspect's car and it could have been the car he saw in front of the victim's house. *Id.* at 101. At trial, Mr. Henderson testified that the suspect's car was a big, maroon, luxury vehicle, but he did not recall any other characteristics. Aplee. Supp. App., vol. 1 at 274-75. Upon seeing a photograph of Mr. Dunn's car, he was only certain that the car in the photograph was the same size and color as the one he had observed parked at the victim's home. *Id.* at 276.

Mr. Cargill's statement indicated the suspect's vehicle may have been a Chevrolet Impala, but he was not certain. Aplt. App. at 90. He knew it was four-door, maroon, and full size. *Id.* Both at trial and at the time of his statement, after seeing photographs of Mr. Dunn's car, he stated the car in the photographs could have been the one he saw because the color, body style, and size were similar. *Id.*; Aplee. Supp. App., vol. 1 at 291-92.

In analyzing this evidence, the OCCA found there had been no definite description of the vehicle seen in front of the victim's house, and, at most, this

evidence only pointed out further inconsistencies in the witnesses's vague descriptions, none of which definitively identified Mr. Dunn's car. *Dunn*, No. PC 97-1207 at 8. The trial witnesses and statements provided differing descriptions of the vehicle, but all descriptions consistently identified the vehicle's size and general color. And those size and color descriptions were consistent with the vehicle Mr. Dunn had been driving. Mr. Dunn has failed to show how Mr. Cargill's or Mr. Henderson's statements would have impeached their trial testimony. Accordingly, we conclude the OCCA's determination that the evidence was not exculpatory was not contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

4. Weapons Evidence

Mr. Dunn argues the State suppressed the statement of his wife, Emma Dunn, that she had observed Mr. Dunn in possession of a "big, old, rusty gun" two weeks before she gave her statement. Aplt. App. at 87. In comparison, at trial, she testified that on one occasion she saw Mr. Dunn in possession of a "small derringer." Aplee. Supp. App., vol. 2 at 303. If he been aware of her statement, Mr. Dunn claims he could have more thoroughly impeached Mrs. Dunn at trial.

In a second statement, however, Mrs. Dunn related that she had seen Mr. Dunn in possession of both an "old and rusty" "0.38 caliber western-style

-11-

handgun" and a "small derringer." Aplee. Supp. App., vol. 4 at 1158. This second statement was consistent with both Mrs. Dunn's trial testimony and her first statement. Accordingly, we conclude the OCCA's determination that the evidence was not exculpatory, *Dunn*, No. PC 97-1207 at 9, was not contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

Even if the undisclosed statements were exculpatory, they were not material. "Evidence is material if there is a reasonable probability that, had the State disclosed the evidence, the result of the trial would have been different. [*Strickler,* 527 U.S.] at 280. . . . In assessing materiality, this court reviews the undisclosed evidence in light of the record as a whole." *Rojem v. Gibson*, 245 F.3d 1130, 1139 (10th Cir. 2001).

Mr. Dunn had been at the residence of one of the victims the prior evening when a $50 bill of his, which had been used to snort cocaine, had turned up missing. Mr. Dunn told the victim he would be back the following afternoon to talk to him about the missing money. A vehicle of the size and color agreed upon by all witnesses was observed parked in front of that victim's home in the late afternoon of the following day. A bullet found in the other victim matched a bullet found on the ground in front of Mr. Dunn's house after a domestic disturbance. Mr. Dunn had access to the gun firing both bullets.

-12-

While the trial evidence of Mr. Dunn's guilt was wholly circumstantial, Mrs. Dunn's statements would not have resulted in a stronger case for Mr. Dunn or a weaker one for the State. Her testimony would not have been impeached by the disclosure of her statements. Thus, disclosure of the statements in light of the entire record would not have affected the outcome of the trial such that our confidence in the jury's guilty verdict is undermined. *Cf. Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 830 (10th Cir. 1995) (deciding disclosure of evidence would have affected outcome of retrial so as to undermine confidence in verdict). Nor can we say that the trial was unfair. *See Brady*, 373 U.S. at 87. The OCCA's materiality decision therefore was not an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Moore v. Gibson*, 195 F.3d 1152, 1165 (10th Cir. 1999) (discussing materiality standards).

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge